Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6148 | **DATE** | 6/17/2004 |
| **CASE TITLE** | Chase Manhattan Bank vs. Belke | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, Mulvihill's motion for judgment on the pleadings with respect to Avinoam Cohen's complaint for declaratory judgment is granted; and the purported "sale" to Cohen of the subject property is vacated and set aside. Enter Memorandum Opinion and Order. Plaintiff's motion for an order approving report of sale and distribution and order for possession [62-1] is withdrawn. Status hearing set for 8/17/04 at 9:00 a.m. The Court vacates the date of 8/18/04, stated in open Court.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 65 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHASE MANHATTAN MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>R. BELKE a/k/a ALAN BELKE, et al.,<br><br>Defendants,<br><br>and<br><br>AVINOAM COHEN and MARC MULVIHILL,<br><br>Intervenors. | No. 02 C 6148<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Chase Manhattan Mortgage Corporation, filed suit against Defendants, R. Belke, also known as Alan Belke; Discover Bank; and Lakewood Villas Condominium Association. Plaintiff sought to foreclose on a property at 880 Lakeside Drive, Unit 1-A, Vernon Hills, Illinois, 60061. After a judicial sale, Intervenors, Avinoam Cohen and Marc Mulvihill, both sought to be declared as the purchaser of the property. Presently before the Court is Mulvihill's Motion for Judgment on the Pleadings with Respect to Avinoam Cohen's Complaint for Declaratory Judgment. For the following reasons, that motion is granted.

## LEGAL STANDARD

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are reviewed under the same standards as a motion to dismiss under Rule 12(b)(6). *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). In reviewing a

motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9 which are not applicable here. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The facts, for the purposes of this motion, are as follows. On August 28, 2002, Plaintiff, Chase Manhattan Mortgage Corporation, filed an action to foreclose on the property at issue. On January 15, 2003, a Judgment of Foreclosure was entered. Pursuant to the Judgment, a sale was to be conducted by a Special Commissioner. Specifically, the Judgment required that, "THE SALE shall be by public auction with open verbal bid conducted by a Special Commissioner to be appointed by the Court." On May 16, 2003, the Special Commissioner filed his Notice of Sale announcing that the sale of the property would occur at 9:00 a.m. on June 9, 2003, at the Lake County Courthouse.

On June 9, 2003, Cohen appeared at the Courthouse for the sale. He appeared in front of the law library where judicial sales are usually conducted. At the time the sale was to occur, the

Special Commissioner did not appear at the area in front of the law library. Cohen telephoned the office of the attorney for the Special Commissioner and was told to stay in front of the law library. The Special Commissioner then called Cohen's business offices and spoke with Cohen's office assistant. The Special Commissioner told the office assistant that no one appeared at the sale and that the property went to the bank for their judgment. The Special Commissioner asked the office assistant what Cohen would have paid, and she responded with "$1.00 over the judgment." The Special Commissioner then said "Sold." Thereafter, Cohen paid the sale amount and was issued a receipt.

Later, Cohen learned the sale of the property to him was not valid, and he would not receive the property. Cohen intervened and now seeks to be declared the successful purchaser of the property at issue.

## ANALYSIS

Mulvihill contends that Cohen's alleged purchase of the property was not proper because the purchase did not conform with the Judgment of Foreclosure or the Notice of Sale. "[U]pon the entry of a judgment of foreclosure . . . the real estate shall be sold at a sale as provided in this Article, on such terms and conditions as shall be specified in the judgment of foreclosure." 735 ILCS 5/15-1507(b). When selling a property pursuant to a court order, the officer selling the property must conform to the order, or the sale will be set aside. *World Sav. & Loan Ass'n v. AmerUS Bank*, 740 N.E.2d 466, 472 (Ill. App. Ct. 2000).

Here, under the facts pled by Cohen, the Special Commissioner did not sell the property pursuant to this Court's order. The sale was not public but made over the telephone and was not made pursuant to an auction. Cohen has pled no facts which would entitle him to the property.

3

Cohen further contends that there are material facts at issue showing that Mulvihill did not properly pay for the property. Whether Mulvihill properly paid for the property is an issue of fact not properly resolved by the present motion.

## CONCLUSION

For the foregoing reasons, Mulvihill's Motion for Judgment on the Pleadings with Respect to Avinoam Cohen's Complaint for Declaratory Judgment is granted; and the purported "sale" to Cohen of the subject property is vacated and set aside.

Dated: June 17, 2004

JOHN W. DARRAH
United States District Judge